

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
State Board of Control
Austin, Texas

Dear Mrs. Greenhill:

                          Opinion No. 0-1196
                          Re: Validity of rules and re-
                              gulations promulgated under
                              Senate Bill No. 36.

        Your letter of July 28, 1939, requesting an
opinion of this department as to the validity of rules
and regulations proposed to be issued and promulgated
by your department, has been received.

        We have considered the four sets of rules and
regulations submitted for our examination; (1) Rules and
regulations for day nurseries, (2) Rules and regulations
for private homes boarding children; (3) Rules and regul-
ations for child-caring institutions; (4) Rules and re-
gulations for child placing agencies.

        Article 4442a, Revised Civil Statutes of Texas,
Section 1, reads, in part, as follows:

        "Every person, association or corporation,
    whether operating for charity or revenue, who
    shall own, conduct or manage a day nursery,
    childrens boarding home, or child placing agency,
    or other place for the care or custody of child-
    ren under sixteen (16) years of age, or who shall
    solicit funds in this State for any such place or
    institution, shall obtain an annual license from
    the State Board of Health, which license shall
    be issued without a fee, and under such reason-
    able and uniform rules and regulations as said
    Board shall prescribe." (Underscoring ours).

        We have studied the rules and regulations pro-
mulgated under Senate Bill No. 36, Forty-sixty Legisla-
ture, and also the statutes relating to these particular

Mrs. Violet S. Greenhill, Page 2

institutions with the view of determining whether the rules are reasonable, uniform and authorized under our statutes. We have received the benefit of information from your department that rules very similar to the new rules submitted to us have been in effect for the past two years.

Your authority to require an unpaid Board of Managers before licensing and approving institutions of this nature has presented itself to us.

We doubt the authority of your Board to require a Board of Managers before issuing a license to a person, association or corporation. The statute by its wording contemplates that a person may operate such an institution. If the Legislature had thought the care and custody of children under fifteen years of age should not be intrusted to an individual they would not have authorized licensing an individual. The substitution of the judgment of the Board in this particular is unauthorized insofar as they require an unpaid Board of Managers. The statute is broad enough in its scope to permit a thorough examination of the ability and background of an applicant, but it is not broad enough to withdraw from the applicant or licensee the management of his, her, or their institution.

We are unwilling to say that any of the other rules submitted by you are not reasonable and valid rules.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Morris Hodges_
Morris Hodges
Assistant

MH:OB

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 11, 1939
_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS